UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL GONZALEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-CV-0243-CVE-SAJ |
| ) | |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY and ALVIN ICE, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's Objection to Removal and Motion to Remand (Dkt. # 8). Plaintiff Gonzalez originally brought this action in the District Court for Tulsa County in the State of Oklahoma on March 11, 2005. Plaintiff alleged in his original petition that defendant State Farm Mutual Automobile Insurance Company ("State Farm") wrongfully refused to compensate him under the terms of an insurance policy plaintiff held with State Farm. Plaintiff claims defendant Alvin Ice ("Ice"), an insurance adjuster employed by State Farm, made defamatory statements about plaintiff to an unidentified third party during the course of Ice's investigation of plaintiff's claim.

As against defendant State Farm, plaintiff alleges breach of contract, bad faith, and defamation. As against defendant Ice, plaintiff alleges defamation. Plaintiff has requested damages in excess of $10,000.[1]  Defendants removed to federal court on the basis of diversity jurisdiction,

---

[1] In Oklahoma, the general rules of pleading require that:

"[e]very pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000) shall, without demanding any specific amount of money, set forth only that amount sought as damages is in excess of Ten Thousand Dollars ($10,000), except in actions sounding in contract.

Okla. Stat. tit. 12, § 2008(2).

alleging that plaintiff fraudulently joined defendant Ice for the sole purpose of destroying diversity jurisdiction. Plaintiff moved for remand to state court.

A civil action brought in state court may be removed to federal court if the federal court has original subject matter jurisdiction over the matter. 28 U.S.C. § 1441(a). Subject matter jurisdiction is established, generally, either by the presence of a federal question, 28 U.S.C. §1331, or diverse parties, 28 U.S.C. §1332. For a federal court to exercise diversity jurisdiction, the amount in controversy must exceed $75,000, and there must be complete diversity in the citizenship of the parties. 28 U.S.C. § 1332(a).

This case presents a preliminary question of whether the amount in controversy requirement has been met. Although plaintiff and defendants focus their attention on the diversity of the parties and there appears to be no dispute over the amount in controversy, this Court must still find that requirement satisfied to exercise jurisdiction. "Subject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." Laughlin v. K-Mart Corp., 50 F.3d 871, 873 (10th Cir. 1995). This Court may consider sua sponte the question of its jurisdiction and has a duty to deny jurisdiction if it finds the requirements have not been met. Id.

Plaintiff's original petition requests damages in excess of $10,000, "plus interest, costs, attorney's fees, and such other relief as the Court may deem proper, such as punitive damages." (Dkt. #2), Ex. A, State Court Petition. Defendants appended to their notice of removal plaintiff's responses to the defendants' requests for admissions. The document contains the following exchange:

> Request for Admission No. 1: Admit that the Plaintiff's damages are less than, and that you are not seeking an amount in excess of $75,000 in this suit (exclusive of interests and costs).
>
> Response: Denied. Plaintiff seeks an amount in excess of $10,000. Plaintiff wants whatever the jury wants to award. That might be less than $75,000, it might not be.

(Dkt. #2), Ex. B, Plaintiff's Responses to Defendant's First Set of Discovery Requests. The defendants rely upon this denial in asserting federal diversity jurisdiction. The Court must determine whether this exchange, without more, suffices to satisfy the amount in controversy requirement.

The Tenth Circuit has clarified the analysis which a district court should undertake in determining whether an amount in controversy is greater than $75,000 as follows:

> The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the "<u>underlying facts</u> supporting [the] assertion that the amount in controversy exceeds [$75,000]." Moreover, there is a presumption against removal jurisdiction.

<u>Laughlin</u>, 50 F.3d at 873 (citations omitted) (emphasis in original). Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." <u>Id.</u>

Where the face of the complaint does not affirmatively establish the requisite amount in controversy, the plain language of <u>Laughlin</u> requires removing defendants to set forth, in the removal documents, not only the defendants' good faith belief that the amount in controversy exceeds $75,000, but also facts underlying the defendants' assertion. In other words, removing defendants must set forth specific facts which form the basis of their belief that there is more than $75,000 at issue in the case. The removing defendants bear the burden of establishing federal court

3

jurisdiction at the time of removal, and not by supplemental submission.  Laughlin, 50 F.3d at 873; see also Herber v. Wal-Mart Stores, 886 F. Supp. 19, 20 (D. Wyo. 1995) (holding that the jurisdictional allegation is determined as of the time of the filing of the notice of removal).  The rationale of Laughlin contemplates that the removing parties will perform an economic analysis of the alleged damages supported by underlying facts to establish the jurisdictional amount. Id.

In Johnson v. Wal-Mart Stores, Inc., 953 F. Supp. 351 (N.D. Okla. 1995), the district court considered whether a plaintiff's denial of the defendant's request for admission satisfied Laughlin.  The Johnson plaintiff filed his original complaint in Oklahoma state court requesting damages in excess of $10,000, pursuant to state pleading rules.  The defendant in Johnson submitted to the plaintiff requests for admission nearly identical to those in the present case.  Specifically, the defendant asked that plaintiff admit that "the amount in controversy in this action, including all claims for damages made by Plaintiff, does not exceed the sum or value of $50,000[2] exclusive of interest and costs."  Id. at 353.  Plaintiff responded: "[T]he exact value of this claim can not be determined at this time therefore, Defendant's request for admission is denied." Id.  The court held that the plaintiff's statement alone did not "affirmatively establish that the amount in controversy exceeds $50,000 for the purposes of diversity jurisdiction." Id.; see also Barber v. Albertson's, Inc., 935 F. Supp. 1188, 1191 (N.D. Okla. 1996) (holding that plaintiff's refusal to admit that he sought less than the required jurisdictional amount did not, without more, establish that the amount in controversy requirement was met for diversity jurisdiction).

---

[2]   When Johnson was decided, the required amount in controversy for diversity jurisdiction purposes was $50,000.  Congress increased the requirement to $75,000 in 1996.  Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, §205, 110 Stat. 3847 (1996).

In light of this clear precedent, plaintiff's denial, standing alone, is insufficient to establish that the amount in controversy requirement has been satisfied for the purposes of diversity jurisdiction. Moreover, defendants have not included in their notice of removal additional facts underlying their assertion of jurisdiction, as required by Laughlin. The Court finds, therefore, that defendants have failed to prove that more than $75,000 is at issue in this case. As a result, this Court has no subject matter jurisdiction over the plaintiff's claims and must remand the case to state court for resolution.[3] 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**IT IS THEREFORE ORDERED** that the Motion for Remand (Dkt. # 8) is hereby **granted**. The Court Clerk is directed to **remand this case to the District Court in and for Tulsa County, State of Oklahoma**.

**DATED** this 21st day of June, 2005.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] Because the Court finds that it has no jurisdiction on these grounds, it need not address the parties' dispute over the issue of fraudulent joinder.